# UNITED STATES DISTRICT COURT
# NORTERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JEANETTE BJORKLUND**, individually ) | CASE NO: |
| ) | |
| **JEANETTE BJORKLUND**, Successor ) | JUDGE |
| Trustee to the L. Arthur Denton 2007 Trust ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **COMPLAINT** |

**LINCOLN NATIONAL LIFE**
**aka LINCOLN FINANCIAL GROUP aka**
**Lincoln Life and Annuity Company of**
**New York**
1300 S. Clifton Street )
Fort Wayne, Indiana 46802-3506 )
 )

**Morgan Stanley**, formerly
Smith Barney/Citigroup
c/o Brian Hale, Attorney
Executive Director- Legal and Compliance
Division )
3000 Bayport Drive )
Tampa, Florida 33607 )

**PNC Bank**, formerly
National City Bank,
Sucessor Trustee to the L. Arthur Denton
1995 Trust
155 E Broad St )
Columbus, Ohio 43215 )

**L. Arthur Denton 1995 Trust Beneficiaries,**
including:

    Simon Kenton Council of Boy Scouts of America
    1901 E. Dublin-Granville Rd.

1

Columbus, Ohio 43329

Central College Presbyterian Church )
975 S Sunbury Rd. )
Westerville, Ohio

Mildred Vaughan; Martha Vaughan;
Martha Mooney, or her heirs;
Edith Meimer, or her heirs;
Harold Brown, or his heirs,
Donald Brown, or his heirs; )
Charles Brown, or his heirs; )
Joseph Brown, or his heirs; )
Diana Keller Howard, or her heirs;
Patty Simoz, or her heirs;
Tom Keller, or his heirs;
Tim Keller, or his heirs;
Roger Keller, or his heirs;
Janice Chapman, or her heirs; )
Sherry Armstrong, or her heirs; )
Carl Keller, or his heirs
Florence Schola;
Patricia Golden, or her heirs;
Matthew Golden, or his heirs;
William Golden, or his heirs;
Stephen Golden, or his heirs )
                              )
      Defendants       )

      Plaintiffs Jeannette Bjorklund, Trustee, and Jeannette Bjorklund, individually, by and through her undersigned attorney, for its Complaint, states and alleges in this Complaint as follows:

## PARTIES

1. Plaintiff Jeannette Bjorklund is a resident of the State of Florida. The Decedent, L. Arthur Denton, died a resident of the State of Florida. Ms. Bjorklund has a mailing address c/o Jessica B. Moon, Attorney, at 50 Court St., Upper Sandusky, Ohio 43351.

2. The Plaintiff—the L. Arthur Denton 2007 Trust—was executed and organized under the laws of the State of Ohio; the domicile/residence of the L. Arthur Denton 2007 Trust was changed pursuant to amendment to the State of Florida in 2009.

2

3. Upon information and belief, LINCOLN NATIONAL LIFE doing business as LINCOLN FINANCIAL GROUP, hereafter "LINCOLN FINANCIAL" is an insurance company organized under the laws of the State of Indiana or, alternatively, under the laws of the State of New York with its principal place of business in Indiana. LINCOLN FINANCIAL is duly authorized to do business in the State of Ohio and has a mailing address of: 1300 S. Clifton St., Fort Wayne, Indiana 46802.

4. Upon information and belief, MorganStanley SmithBarney is a financial services company organized under the laws of the State of New York. MorganStanley SmithBarney is duly authorized to do business in that State of Ohio.

5. Upon information and belief, PNC Bank is a financial services organization organized under the laws of the State of Pennsylvania. PNC Bank is duly authorized to do business in the State of Ohio and has a mailing address in this instance of: 155 E Broad St., Columbus, Ohio 43215.

6. It is believed that said L. Arthur Denton 1995 Trust beneficiaries are residents of the State of Ohio, though not all addresses are known at this time.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Plaintiff(s) are residents of the State of Florida and various Defendants are residents of the State(s) of: Ohio; New York; Indiana; and Pennsylvania.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated this district or within the state of Ohio. Pursuant to Client Agreement and contract with Smith Barney [now Morgan Stanley], Plaintiff reserve(d) the right to select a forum for the claim. Plaintiff, by and through counsel, is located in this district.

**STATEMENT OF FACTS**

9. On November 30, 1995, L. Arthur Denton, then a resident of the State of Ohio, created and executed the L. Arthur Denton1995 Trust, the primary beneficiary of which was Denton's wife, Frances Denton.

10. On December 17, 2004, Arthur Denton engaged T.D. Hicks, a financial advisor and express financial agent for Smith Barney, and purchased the first of two annuities with Lincoln Financial: Contract # 95-9970197 (approximately valued at $96,726.39). In this contract, Arthur designated his revocable trust as the primary beneficiary of said annuity proceeds. **Exhibit A**, "1st Lincoln Contract", (2004). Additionally, L. Arthur Denton entered into a client agreement/ account application with T.D. Hicks, which governs any disputes arising under contract. **Exhibit I**, "Account Application", Smith Barney (2004).

11. On October 20, 2005, Arthur again engaged Mr. Hicks for the purchase of his second annuity with Lincoln Financial: contract # 95-4044060 (approximately valued at $92,220.90). Arthur Denton again designated his revocable trust as the primary beneficiary of said annuity proceeds. **Exhibit B**, "2nd Lincoln Contract", (2005). At each signing, Mr. Denton received an "Annuity Contract", setting forth his rights and obligations under the contract. "Annuity Contract", at **Exhibit C**, (2004 & 2005).

12. Working again with T.D. Hicks in 2007, Arthur Denton set out to restructure/amend his estate plan and various assets/accounts with Smith Barney,

13. Per Mr. Hicks' referral, Mr. Denton retained Attorney Philip Lilly's services to address a certain 1995 revocable trust previously created by Mr. Denton. This 1995 revocable designated Mr. Denton's then decedent spouse as primary beneficiary and was outdated as a result.

14. In 2007 upon Mr. Denton's request Attorney Lilly created a new revocable Trust for Mr. Denton, which designated Jeannette Bjorklund as primary beneficiary and Successor Trustee. "L. Arthur Denton 2007 Revocable Trust", **Exhibit D**, pp 1-27 (2007).

15. After the creation of the 2007 revocable trust, Mr. Denton with the assistance of Mr. Hicks transferred all of his existing assets, including but not limited to the assets previously held in the 1995 revocable trust, to the newly created 2007 revocable trust. Mr. Denton further provided that all of his assets which would pass by beneficiary

designation, including those assets previously designated to pass to the 1995 revocable trust, would now pass to the 2007 revocable trust as beneficiary.

16. Mr. Denton engaged and instructed T. D. Hicks to assist in transferring his investments and assets to the new 2007 revocable trust and or to provide new beneficiary designations designating the 2007 revocable trust as beneficiary for all assets owned or controlled by Mr. Denton which assets passed by beneficiary designation. Indeed, at some time these instructions were carried out, as statement reflected the new trust as the owner on Mr. Denton's accounts. **Exhibit E**, "Smith Barney/Morgan Stanley Statement", (December 2011).

17. Mr. Denton specifically addressed the change in annuity beneficiary designations to this new Trust in a funding instruction letter to T. D. Hicks. **Exhibit F**, "Letter to T.D. Hicks", pp 1-2, at 1 (October 10, 2007). Additionally, Arthur Denton, by and through correspondence directly to Lincoln Financial from Mr. Denton and Ms. Bjorklund, again demonstrated and reinforced Ms. Bjorklund's ownership and control of Mr. Denton's specific Lincoln Financial annuities at Smith Barney [now Morgan Stanley]. See **Exhibit G**, "May 20, 2008 letter to Lincoln Financial, (2008).

18. Several months after Mr. Denton's death, Morgan Stanley informed Ms. Bjorklund, as personal representative of the Estate of Arthur Denton, that the annuity designations remained unchanged by either Lincoln Financial or by T.D. Hicks, of Smith Barney. **Exhibit H**, "Letter to Ms. Healy", pp 1-2, at ¶ (February 8, 2013).

19. For reasons unknown the beneficiary designations for two annuities held by Lincoln Financial (contract no.(s): 95-4044060 & 95-9970197) and serviced by Smith Barney [Morgan Stanley] were not updated to reflect the 2007 trust as the designated beneficiary and, as a consequence, the 1995 trust remained the listed primary beneficiary on both of these annuities.

20. Neither Smith Barney/Morgan Stanley nor T.D. Hicks produced documentation to Mr. Denton regarding these annuities and beneficiary designations during his lifetime and after the 2007 establishment of Mr. Denton's new trust. Lincoln Financial and Morgan Stanley by and through its designated and express agent, T.D. Hicks had sufficient notice of these changes on two specific occasions mentioned herein above that these

designations were and had been changed. "May 20, 2008 letter to Lincoln Financial, at **Exhibit G** (2008); and **Exhibit F**, "Letter to T.D. Hicks", pp 1-2, at 1 (October 10, 2007).

21. At all times regarding the creation and execution of the annuity contracts between Lincoln Financial and Arthur Denton as stated herein above, the situs of both 2007 Revocable Trust as well as the 1995 Revocable Trust created by Arthur Denton were Ohio; and the 2007 Trust further recites therein "the laws of Ohio shall govern all questions relating to the validity, construction, and the administration of this Trust Agreement."

22. Arthur Denton, at the time of the execution of the annuity contracts, was a resident of the State of Ohio.

23. During all times herein, the offices of T.D. Hicks/Smith Barney [Morgan Stanley], the servicer on Mr. Denton's accounts at Smith Barney was located in Ohio. The initial annuity contracts for Lincoln Financial list Arthur Denton's Ohio residence as his contact information.

## CAUSE(S) OF ACTION IN BREACH OF CONTRACT

24. Lincoln Financial by and through its account servicer, Smith Barney/Morgan Stanley, breached its duty under the terms of an annuity contract to pay out death benefits to Arthur's stated beneficiary—the L. Arthur Denton 2007 Revocable Trust.

    (a) Jeannette Bjorklund, as the intended third party beneficiary of the L. Arthur Denton 2007 Trust, de facto co-owner of the annuity contract, and personal representative of Arthur Denton's estate is the proper person to assert this claim against Lincoln Financial and Morgan Stanley.

    (b) Lincoln Financial/ Morgan Stanley breached its duty to perform by withholding payment to Plaintiff(s)s under Provisions 6.01 & 6.02 of the annuity contract; to date, no payment from Lincoln Financial has occurred.

    (c) As a result, Plaintiff(s) have suffered damages through the loss of present payout under these contracts.

23. Lincoln Financial and Smith Barney, by and through its agent, T.D. Hicks, did not affect L. Arthur Denton's change of beneficiary request even though specific and repeated instruction was given in conformity with contract provisions. "Id.", at **Exhibit(s) F & G**.

    (a) Defendant(s) specifically breached their obligation to recognize the Owner's designations by and through the Notice presented—set forth in Provision 8.02 of the Annuity Contract. "Id.", at **Exhibit C**. All other [Denton] accounts at Smith Barney managed through the same Smith Barney Agent—T.D. Hicks, were in fact retitled in the name of the L. Arthur Denton 2007 Trust, as Arthur Denton's Notice set forth.

    (b) Defendants Lincoln Financial and Morgan Stanley failed to perform under these contracts and affect payout to L. Arthur Denton 2007 Trust; Defendants gave no affect to Mr. Denton's intention and clear expression with how these proceeds were to pass upon his death.

    (c) As a result, Plaintiff(s) have suffered damages through the loss of present payout under these contracts.

24. Defendants Lincoln Financial and contract servicer Morgan Stanley specifically breached Section 6.02 of the Annuity Contract Arthur Denton entered into states as follows:
    "Upon the death of the Owner, the rights of ownership granted by the Contract will pass to the surviving Owner, if any, otherwise to the Beneficiary." "Id.", at p. 13.

    (a) During Arthur Denton's lifetime, Arthur Denton vested Jeannette Bjorklund with present control and authority over the annuity contracts.

    (b) Lincoln Financial and account servicer Morgan Stanley failed to make payment to Jeannette Bjorklund, individually, as provided for in contract under Section 6.02.

    (c) Plaintiff suffered damages through the loss of payout amounts due under these contract(s).

**WHEREFORE**, Defendant prays that the Court enter judgment:

   (a) stating that Plaintiff as Trustee of the L. Arthur Denton 2007 Trust is entitled to proceeds in full of annuity contracts;
   (b) finding alternatively that, Plaintiff Jeannette Bjorklund, individually, is entitled to lifetime payout under these annuity contracts; and

   (c) awarding Plaintiff any further relief that this Court deems just and proper.

   Respectfully Submitted,

                ____/s/___Jessica B. Moon_____
                Jessica B. Moon, Attorney # 0082334
                Roth and Bacon Attorneys, LLC
                50 Court St.
                Upper Sandusky, Ohio 43351
                jmoon@rothbaconlaw.com
                (800) 475-2611

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, a copy of the foregoing Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile, unless where noted by request of service through publication to this Court. Parties may access this filing through the Court's electronic filing system.

**LINCOLN NATIONAL LIFE
aka LINCOLN FINANCIAL GROUP aka
Lincoln Life and Annuity Company of
New York**
1300 S. Clifton Street
Fort Wayne, Indiana 46802-3506

**Morgan Stanley**, formerly
Smith Barney/Citigroup
c/o Brian Hale, Attorney
Executive Director- Legal and Compliance Division
3000 Bayport Drive
Tampa, Florida 33607

**PNC Bank**, formerly
National City Bank,
Sucessor Trustee to the L. Arthur Denton
1995 Trust
155 E Broad St
Columbus, Ohio 43215

**L. Arthur Denton 1995 Trust Beneficiaries,**
including:

    Simon Kenton Council of Boy Scouts of America
    1901 E. Dublin-Granville Rd.
    Columbus, Ohio 43329

    Central College Presbyterian Church
    975 S Sunbury Rd.
    Westerville, Ohio

                                             /s/____Jessica B. Moon_____
                                           Jessica B. Moon # 0082334